1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOSEPH WHITAKER,

11            Plaintiff,                    No. 2:13-cv-00501 GEB JFM (PC)

12        vs.

13   DALEY, et al.,

14            Defendants.              ORDER

15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20            Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

24   in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

25   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

26   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

1

1   payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

2   account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

3   each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

4   U.S.C. § 1915(b)(2).

5          The court is required to screen complaints brought by prisoners seeking relief

6   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

10   U.S.C. § 1915A(b)(1),(2).

11          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17   Cir. 1989); Franklin, 745 F.2d at 1227.

18          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

19   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

20   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

21   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

22   (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain more

23   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

24   allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

25   U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only

26   "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'""

1   Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell, 550 U.S. at 555, in turn quoting

2   Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the

3   court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 94,

4   and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416

5   U.S. 232, 236 (1974).

6           The court finds the allegations in plaintiff's complaint so vague and conclusory

7   that it is unable to determine whether the current action is frivolous or fails to state a claim for

8   relief.  Specifically, the allegations of the complaint are difficult to decipher.  It appears plaintiff

9   is attempting to allege, among other things, that his constitutional rights were violated when he

10  was convicted of a prison rules violation and sentenced to an eighteen month disciplinary SHU

11  term.  Beyond that, the court is simply unable to determine the nature of plaintiff's complaint.

12  As a result, the court finds that the complaint does not contain a short and plain statement as

13  required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy,

14  a complaint must give fair notice and state the elements of the claim plainly and succinctly.

15  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

16  with at least some degree of particularity overt acts which defendants engaged in that support

17  plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ.

18  P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant plaintiff leave to file

19  an amended complaint.

20          If plaintiff does choose to amend his complaint, he must allege facts

21  demonstrating how the conditions complained of have resulted in a deprivation of his

22  constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint

23  must allege in specific terms how each named defendant is involved in the alleged constitutional

24  violation.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

25  or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423

26  U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

3

1  F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

2  participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

3  268 (9th Cir. 1982).

4          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

5  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

6  complaint be complete in itself without reference to any prior pleading.  This is because, as a

7  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

8  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

9  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

10  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

11          Finally, given the nature of plaintiff's apparent claim, plaintiff is informed of the

12  following legal principles that may apply to this action.  In Heck v. Humphrey, 512 U.S. 477

13  (1994), the United States Supreme Court held that a suit for damages on a civil rights claim

14  concerning an allegedly  unconstitutional conviction or imprisonment cannot be maintained

15  absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by

16  executive order, declared invalid by a state tribunal authorized to make such determination, or

17  called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."

18  Heck, 512 U.S. at 486.

19          Under Heck, the court is required to determine whether a judgment in plaintiff's

20  favor in this case would necessarily invalidate his conviction or sentence.  Id.  If it would, the

21  complaint must be dismissed unless the plaintiff can show that the conviction or sentence has

22  been invalidated.  In Edwards v. Balisok, 520 U.S. 641 (1997), the rule announced in Heck was

23  extended to the deprivation of good-time credits following prison disciplinary proceedings.  In

24  Edwards, the United States Supreme Court held that a claim for declaratory relief and money

25  damages brought by a state prisoner challenging the validity of the procedures used to deprive

26  him of good-time credits is not cognizable under § 1983 if the good-time credits had not been

4

1    restored.  Id.   Accordingly, if plaintiff chooses to amend the complaint, plaintiff must provide a

2    complete copy of the prison rules violation report in which he was charged, including the

3    description of the full punishment imposed as a result of his disciplinary conviction.  Failure to

4    comply with this requirement may result in the dismissal of this action.

5                    For the reasons set forth above, IT IS HEREBY ORDERED that:

6                    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

7                    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

8    Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

9    § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

10   Director of the California Department of Corrections and Rehabilitation filed concurrently

11   herewith.

12                   3.  Plaintiff's complaint is dismissed.

13                   4.  Within thirty days from the date of this order, plaintiff shall complete the

14   attached Notice of Amendment and submit the following documents to the court:

15                       a.  The completed Notice of Amendment; and

16                       b.  An original and one copy of the Amended Complaint.

17   Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

18   Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must

19   bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to

20   file an amended complaint in accordance with this order may result in the dismissal of this

21   action.

22    DATED: April 30, 2013.

23

24   _____

25   whit0501.14new                    DALE A. DROZD
                                        UNITED STATES MAGISTRATE JUDGE

26

5

1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11          Plaintiff,                          No. 2:#cv-

12     vs.

13                                              NOTICE OF AMENDMENT

14          Defendants.

15 _____/

16          Plaintiff hereby submits the following document in compliance with the court's

17 order filed _____:

18          _____          Amended Complaint

19 DATED:

20

21                                    _____
                                      Plaintiff
22

23

24

25

26

6