UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH WHITAKER, | No. 2:13-cv-00501 GEB JFM (PC) |
| Plaintiff, | |
| v. | ORDER |
| DALEY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed May 3, 2013, plaintiff's complaint was dismissed with leave granted to file an amended complaint. Plaintiff filed an amended complaint on May 23, 2013. (ECF No. 14.) Plaintiff also filed a motion for temporary restraining order and motion to appoint counsel on September 24, 2013.[1] (ECF No. 19.)

**I.     Plaintiff's First Amended Complaint**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims

---

[1] Plaintiff has also filed with the court a letter styled as follows: "Appellant Letter to Eastern Dist Court + 9th Cir + Attn. Gen Kevin Voth." (ECF No. 20.) Plaintiff's letter appears to concern an unrelated federal action (See Case No. 2:10-cv-01400 KJM EFB (PC)) and will not be addressed by the undersigned in this order screening plaintiff's first amended complaint filed in this case.

1

1  that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
2  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
3  U.S.C. § 1915A(b)(1) & (2).
4       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
5  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
6  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
7  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
8  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
9  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
10 Cir. 1989); Franklin, 745 F.2d at 1227.
11      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
12 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
13 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
14 Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,
15 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a
16 complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it
17 must contain factual allegations sufficient "to raise a right to relief above the speculative level."
18 Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must
19 accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees,
20 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable
21 to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S.
22 411, 421 (1969).
23      This court previously screened plaintiff's original complaint filed in this action and
24 dismissed it with leave to amend.  (ECF No. 9.)  While plaintiff's original complaint was difficult
25 to decipher, it appeared that plaintiff was attempting to allege, among other things, that he was
26 sentenced to an eighteen month prison disciplinary Security Housing Unit (SHU) term based on
27 false charges in violation of his constitutional rights.  (ECF No. 1 at 4.)  Plaintiff also appeared to
28 allege that the defendants hindered his efforts to pursue the inmate appeals process by not

1  replying to his appeals.  (Id. at 7.)  The court found that the allegations of plaintiff's original

2  complaint was so vague and conclusory that it was unable to determine whether the action was

3  frivolous or failed to state a claim for relief.  (ECF No. 9.)  The court also informed plaintiff of

4  the legal standards set forth in the decisions in Heck v. Humphrey, 512 U.S. 477 (1994) and

5  Edwards v. Balisok, 520 U.S. 641 (1997), and instructed plaintiff to provide a complete copy of

6  the prison rules violation report in which he was charged with any amended complaint he filed.

7  (Id.)

8    Plaintiff filed his amended complaint on May 23, 2013, and attached thereto the following

9  documents:  (1) SHU term assessment worksheet; (2) log of inmate rules violation reports for

10  plaintiff; (3) rules violation report dated October 11, 2010; (4) Cal. Code Regs., tit. 15, §§ 3341.5,

11  3315; (5) plaintiff's annual review dated April 10, 2013; (6) first level screening letter dated June

12  6, 2012; and (7) first level screening letter dated August 24, 2012.  (ECF No. 14.)  In his amended

13  complaint plaintiff has repeated the allegations set forth in his original complaint with minimal

14  clarification.  While plaintiff's allegations are still difficult to decipher, it now appears that

15  plaintiff is alleging that he was sentenced to an eighteenth month prison disciplinary SHU term

16  when he should only have received a three or four month term pursuant to the applicable

17  California Department of Corrections and Rehabilitation rules and regulations.  (Id. at 4, 8, 11.)

18  In other words, it appears that plaintiff is alleging that his constitutional rights were violated

19  because of the duration of the prison disciplinary SHU term imposed.[2]  Plaintiff also alleges that

20  defendants hindered his pursuit of the appeals process.  (Id. at 5.)  Plaintiff seeks monetary

21  damages in the amount of $200,000.  (Id. at 3.)

22  /////

---

[2] A review of plaintiff's allegations and the documents provided by plaintiff in his amended complaint suggests that his prison disciplinary conviction and sentence did not implicate a reduction of his good time credits or his ineligibility to earn credits during the eighteen month SHU term imposed.  While it does not appear that plaintiff is alleging that the duration of his confinement was affected by the SHU term, plaintiff is advised that the holding in Heck would apply to such an allegation.  As a general rule, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475 (1973).  Thus, if plaintiff is attempting to challenge his SHU term as affecting the duration of his prison sentence, such a challenge would need to be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

1    A review of the rules violation report submitted with plaintiff's amended complaint
2 indicates that he was found guilty of striking a medical assistant in the back side of his head,
3 neck, arm and torso twice with "a moist unknown substance," and "yelling, swearing and
4 threatening to 'do it again.'" (Id. at 14.) Plaintiff's corresponding SHU term assessment
5 worksheet reflects that he was charged with "battery on [a] non-inmate [with] insufficient force to
6 cause serious injury." (Id. at 12.) The SHU term assessment worksheet indicates a range of six to
7 eighteen months for the charged offense, with twelve months being the "expected" term. (Id. at
8 12.) Plaintiff was initially assigned the twelve month "expected" SHU term. (Id.) It appears that
9 plaintiff's SHU term was enhanced by an additional six months due to the presence of an
10 aggravating factor (prior behavior of the same or similar nature). (Id.) As a result, plaintiff was
11 assigned an eighteen month prison disciplinary SHU term. (Id.) However, plaintiff forfeited no
12 good conduct credits. (Id.)

13    Plaintiff has also provided with his amended complaint a SHU term assessment chart (Cal.
14 Code Regs., tit. 15, § 3341.5) that features the offense he was charged with as well as the offense
15 plaintiff appears to claim he should have been charged with. (Id. at 16.) Plaintiff was charged
16 with "assault on a non-inmate with physical force insufficient to cause serious injury" which has a
17 prison disciplinary term range of six to eighteen months under the governing regulations, as
18 discussed above. (Id.) Plaintiff alleges in his amended complaint that he was "falsely charged"
19 because he should have been charged with the disciplinary offense of "throwing a caustic
20 substance on a non-inmate" which has a disciplinary term range of only two to four months. (Id.)
21 Plaintiff subsequently filed inmate appeals which, as far as the court can tell, were rejected for
22 failure to comply with applicable regulations. (Id. at 22-25.)

23    With regard to plaintiff's due process claim based on his eighteen month disciplinary SHU
24 term, "[t]he Due Process Clause standing alone confers no liberty interest in freedom from state
25 action taken within" an imposed sentence. Sandin v. Conner, 515 U.S. 472, 480 (1995) (internal
26 quotations and citation omitted). While "prisoners do not shed all constitutional rights at the
27 prison gate, . . . lawful incarceration brings about the necessary withdrawal or limitation of many
28 privileges and rights, a retraction justified by the considerations underlying our penal system."

Sandin, 515 U.S. at 485 (internal quotations and citations omitted). "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Id. See also Toussaint v. McCarthy, 801 F.2d 1080, 1091-92 (9th Cir. 1986) (administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence). "Under Sandin, a prisoner possesses a liberty interest under the federal constitution when a change occurs in confinement that imposes an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'" Resnick v. Hayes, 213 F.3d 443, 448 (9th Cir. 2000) (quoting Sandin, 515 U.S. at 484) (alterations original). In analyzing whether a change in the conditions of one's confinement rises to the level of an atypical and significant hardship, the court should examine three factors: (1) whether the segregation at issue was essentially the same as other forms of segregation or "mirrored those conditions imposed upon inmates in administrative segregation and protective custody;" (2) the duration of the segregation at issue, the degree of restraint imposed, and whether plaintiff suffered a "major disruption" in his environment; and (3) whether the state action would affect the length or duration of plaintiff's sentence. Resnick, 213 F.3d at 448; Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003).

Here, plaintiff has not alleged any facts that, if true, would establish that his disciplinary SHU term imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. Sandin, 515 U.S. at 484-87. Moreover, even if there were a liberty interest in avoiding a disciplinary SHU term, determinations on such assignments entitle prisoners only to notice and an opportunity to be heard. See, e.g., Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003) (citations omitted). Plaintiff has not alleged any facts in his amended complaint which demonstrate that he was denied the minimal procedural protections due under federal law through notice and an opportunity to be heard regarding the allegations in the rules violation report. Superintendent v. Hill, 472 U.S. 445, 455-56 (1985) ("The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact."); Wolff v. McDonnell, 418 U.S. 539, 563-71 (1974); Bruce, 351 F.3d at 1287-88; Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987).

To the extent plaintiff is attempting to state a due process claim predicated on the defendants' alleged failure to process his inmate grievances, plaintiff is informed that prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez, 334 F.3d at 860 (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns.  Mann, 855 F.2d at 640; see also Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.").  Specifically, a failure to process an inmate grievance does not state a constitutional violation.  Buckley, 997 F.2d at 495.  As discussed above, state regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin, 515 U.S. 472.

Accordingly, the court again finds that the allegations of plaintiff's amended complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), his amended complaint must be dismissed.  In the interests of justice, the court will provide plaintiff a final opportunity to cure the noted deficiencies and therefore will grant him leave to file a second amended complaint.

/////

If plaintiff chooses to file a second amended complaint, he must therein allege facts demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The second amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is reminded that the court cannot refer to prior pleadings in order to make his second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the prior pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## II.     Motion for Temporary Restraining Order

On September 24, 2013, plaintiff filed a motion for temporary restraining order.[3]  (ECF No. 19.)  The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing.  Requests for temporary restraining orders which are not ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction.  See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).

---

[3] The court notes that plaintiff's motion for temporary restraining order and motion to appoint counsel was also filed in another action plaintiff has before this court. (See Case No. 2:13-cv-00505 KJM DAD (PC), ECF No. 16.)

7

Above the court has concluded that plaintiff's amended complaint must be dismissed. Plaintiff's request for temporary restraining order is therefore premature because he has failed to yet state a claim upon which relief can be granted and there are no defendants against whom this court could enter an order. If plaintiff files a second amended complaint that states a cognizable claim, the court will order the United States Marshal to serve the amended complaint upon the named defendant(s). In short, there are no defendants currently before the court in this action. The court cannot issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969); see also Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Accordingly, the court will deny plaintiff's request for temporary restraining order at this time as premature.

**III.     Motion to Appoint Counsel**

On September 24, 2013, plaintiff requested the appointment of counsel. (ECF No. 19.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

**IV.     Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's May 23, 2013 amended complaint (ECF No. 14) is dismissed;

2. Plaintiff's September 24, 2013 motion for temporary restraining order (ECF No. 19) is denied as premature;

3. Plaintiff's September 24, 2013 motion to appoint counsel (ECF No. 19) is denied;

/////

4. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

5. Plaintiff's failure to file a second amended complaint within the time period provided will result in a recommendation that this action be dismissed.

Dated: October 24, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

whit0501.14am.dad