UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH WHITAKER,<br><br>        Plaintiff,<br><br>  v.<br><br>DALEY, et al.,<br><br>        Defendants. | No. 2:13-cv-0501 GEB DAD P<br><br>ORDER &<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action filed pursuant to 42 U.S.C. § 1983. This matter is before the court on defendants' motion to dismiss plaintiff's Second Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has filed an opposition to the motion, and defendants have filed a reply. In addition, plaintiff has filed three documents with the court styled as motions for summary judgment and has also moved for the appointment of counsel. For the reasons set forth below, the undersigned will order that plaintiff's motion for appointment of counsel be denied, and recommend that (i) plaintiff's motions for summary judgment be denied, (ii) defendants' motion to dismiss be granted, and (iii) that the dismissal be with prejudice.

/////

/////

/////

I. Background

    A. Procedural History

Plaintiff, who is currently incarcerated at California State Prison-Sacramento ("CSP-SAC"), proceeds on his Second Amended Complaint. ("SAC," ECF No. 29.) Therein, plaintiff alleges that defendants violated his Fourteenth Amendment due process rights by failing to provide him with adequate notice of a disciplinary charge that resulted in the imposition of a Security Housing Unit ("SHU") term of eighteen months. (ECF No. 29 at 2, 3, 4–6.)

After screening the SAC, the court deemed service appropriate on defendants Daly, Johnson-Dovey, Jubbs, Konrad, C. Lacy, and M. Scott. (ECF No. 33.) Defendant Scott was subsequently dismissed from the action. (ECF No. 37.) On November 13, 2014, the remaining defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted. (ECF No. 43.) On December 10, 2014, plaintiff filed an opposition to the motion, together with a motion for summary judgment. (ECF No. 45.) On December 16, 2014, defendants filed a reply. (ECF No. 46.) Thereafter, plaintiff filed two further oppositions to defendants' motion to dismiss, each of which was coupled with a motion for summary judgment. (ECF Nos. 49, 52.) As noted, also before the court is plaintiff's motion for appointment of counsel. (ECF No. 51.)

    B. Factual Allegations

Plaintiff's SAC and the exhibits thereto contain the following allegations.[1] (ECF No. 29.) While incarcerated at Salinas Valley State Prison ("SVSP"), plaintiff was issued a prison Rules Violation Report, dated October 11, 2010 ("RVR").[2] The RVR charges plaintiff with a prison

---

[1] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

[2] While not explicitly pled in the SAC, the court infers that the charged incident took place at SVSP based on the fact that a box in the RVR titled "Inst." (presumably an abbreviation for "Institution") is filled in with the phrase "S.V.S.P." (ECF No. 29 at 11.) The report on plaintiff's disciplinary hearing also states in pertinent part: "All time constraints have not been met. Time Constraints lost prior to inmate's transfer from SVSP." (ECF No. 43 at 7.) It appears that the RVR at issue was initially given the log number FD-10-10-0027 (see ECF No. 29 at 11) while plaintiff was incarcerated at SVSP, and later stamped with the log number A/S-11-01-001 (see id. at 12) when plaintiff was transferred to CSP-SAC. Documents attached as exhibits to plaintiff's SAC refer to the RVR using the latter log number.

disciplinary violation of California Code of Regulations title 15, § 3005(d)(1) for the specific act of "Battery on a Peace Officer w/Unknown Liquid." (Id. at 3, 11.) The RVR was written by one C. Cole, Medical Technical Assistant, and describes the circumstances of the incident as follows:

> While performing my duties as the MTA/P Medical Assistant with LVN Z. Gbana, we were passing medication to the Inmate Patient (I/P) in cell 118. Without warning I felt a moist unknown substance strike the back side of my head, neck, arm and torso twice. The I/P in cell 119 (WHITA[K]ER, B-81037, D5-119) began yelling, swearing and threatening to "do it again" if I "didn't get the fuck away from his door." A CDCR 7219 (Medical Report of Injury) was completed by the RN's (no injury noted) and Sergeant J. Sensel was notified of this incident.

(Id. at 11.)

On March 11, 2011, a disciplinary hearing was held at CSP-SAC to address the charges alleged in the RVR. Defendant Correctional Lieutenant A. Konrad acted as the Senior Hearing Officer.[3] A written report of the hearing, on Part C of the RVR, provides that plaintiff was read the disciplinary charges, to which he pled guilty, and was ultimately found guilty by a preponderance of the evidence of violating California Code of Regulations, title 15, § 3005(d). (ECF No. 43 at 7.) The report further provides that plaintiff would not be assessed any loss of time credits and would be referred to the Institutional Classification Committee ("ICC") for a potential SHU placement. (Id.)

A Notice of Classification Hearing, dated March 12, 2011, provides:

> On 3-11-11, inmate WHITAKER (B-81037) was found guilty of BATTERY ON A PEACE OFFICER, a division "B" offense (refer to RVR Log #A/S-11-01—001). Based on this, WHITAKER is being referred to the Institution Classification Committee (ICC) for SHU assessment.

(ECF No. 29 at 10.)

At the ICC hearing, plaintiff stated his understanding that his SHU term was only to last three months, rather than eighteen months, to which defendant Jubbs allegedly responded, "I give (sic) you a break." (Id. at 3.) Plaintiff has attached a copy of the Notice of Classification

---

[3] Plaintiff has attached as an exhibit to his SAC a barely-legible copy of Part C of the RVR, which documents this disciplinary hearing and its disposition. (See ECF No. 29 at 9.) Because defendants have attached a more-legible copy of the identical document to their motion to dismiss (see ECF No. 43 at 7), the court refers to the latter version herein.

3

Hearing, dated March 12, 2011, on which he has handwritten:

> The SHU term assessment is throwing liquid substance on non-inmate.
>
>    2  |   3   |  4
>
> lower |expected| high
>
> It will start from end of last SHU term . . . .

(Id. at 10.)

Plaintiff also includes in his SAC the following allegations regarding the named defendants:

- "On 3-22-2011 Found guilty of RVR of 10-11-10 Battery on a Peace Officer with Unknown Liquid by [defendant] Lt. A. Konrad on Mar. 11 – 2011 signed by Capt Heintschei + also signed by [defendant] Associate Warden L. Johnson-Dovey."
- Plaintiff was made to "do 18 month SHU term being mentally harassed + was only to do 3 to 4 months SHU.  Was refused right to appeal action by Appeals Coordinator K. Daley for not responding to 602's of unconstitutional Confinement."  (sic)
- "[Defendants] L. Johnson-Dovey, CSR M. Scott, CCII C. Lacy + CCII K. Daley all know + conspired with [defendant] CCII Jubbs, to punish with malice plaintiff with disciplinary SHU term that plaintiff never found guilty or rec'd a RVR for."

(Id. at 4-5.)

Finally, plaintiff alleges that he "never rec'd a RVR report of battery on a peace officer with physical force insufficient to cause serious injury."  (Id. at 4.)

II.  Motion for Appointment of Counsel

Plaintiff has also filed a motion for appointment of counsel.  (ECF No. 51.)  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

4

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Plaintiff's request for the appointment of counsel will therefore be denied.

III. Plaintiff's Motions for Summary Judgment

As noted above, plaintiff has filed three documents with the court styled as motions for summary judgment. (ECF Nos. 45, 49, 52.) All three filings are procedurally defective, as they do not conform to the requirements of Federal Rule of Civil Procedure 56 and Local Rule 260. Moreover, plaintiff has failed to "identify[] each claim or defense – or the part of each claim or defense – on which summary judgment is sought." Fed. R. Civ. P. 56. As a result, the court is simply unable to determine the issue(s) of law on which plaintiff moves for summary judgment. Similarly, Local Rule 260 requires the moving party to file a statement of undisputed facts which "enumerate[s] discretely each of the specific material facts relied upon in support of the motion and cite[s] the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact." Local Rule 260(a). Plaintiff failed to file a statement of undisputed facts in support of any of his motions. Due to these procedural infirmities, plaintiff's motions for summary judgment will be denied as defective.

IV. Defendants' Motion to Dismiss

Defendants move to dismiss the SAC on the grounds that, contrary to the allegations in his complaint, plaintiff was provided adequate notice of the disciplinary charges against him.

As noted above, plaintiff has filed three documents styled as oppositions to defendant's motion to dismiss. (ECF Nos. 45, 49, 52.) While plaintiff's first opposition to the pending motion was filed less than a month after defendants filed their dismissal motion, the second and third oppositions were filed, respectively, nearly two months and nearly four months after

defendants filed their reply. Neither the Federal Rules of Civil Procedure nor the Local Rules of the Eastern District of California provide for the filing of sur-replies without prior authorization of the court. Nevertheless, given that plaintiff is incarcerated and is not represented by counsel, the undersigned has, out of an abundance of caution, considered the arguments raised by plaintiff in his two unauthorized oppositions.[4]

### A. Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In determining whether a pleading states a cognizable claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

/////

---

[4] Plaintiff is cautioned that this is a one-time courtesy extended by the court, and it is likely that any future court filings which do not comply with the Federal Rules of Civil Procedure and the Local Rules will be disregarded.

1   In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

B.  Analysis

Defendants move to dismiss the SAC in its entirety, arguing that, contrary to plaintiff's allegations, prison officials provided plaintiff with adequate notice of the prison disciplinary charges being brought against him. In support of their argument, defendants point to the RVR that is attached as an exhibit to plaintiff's SAC. (See ECF No. 29 at 11.) That RVR specifically charged plaintiff with violating California Code of Regulations, title 15, § 3005(d)(1), which provides: "Inmates shall not willfully commit or assist another person in the commission of an assault or battery to any person or persons, nor attempt or threaten the use of force or violence upon another person." Cal. Code Regs. tit. 15, § 3005(d)(1) (2011). Defendants cite California Code of Regulations, title 15, § 3341.5 for the proposition that the applicable SHU term imposed on an inmate found to have violated § 3005(d)(1) is based on a distinction between whether the inmate was found to have used "a weapon or physical force capable of causing mortal or serious injury" or else "physical force insufficient to cause serious injury." Cal. Code Regs. tit. 15, § 3341.5(c)(9) (2011). The latter charge, of which plaintiff was found guilty, carries with it a term of between 6 and 18 months. Id.

While the allegations in plaintiff's SAC are somewhat difficult to decipher, it appears that the principal assertion underlying plaintiff's § 1983 due process claim is that he received an inaccurate RVR. In his SAC, plaintiff alleges that he "never rec[eive]d a RVR report of battery on a peace officer with physical force insufficient to cause serious injury." (ECF No. 29 at 4; see also ECF No. 52 at 11-12.) Instead, plaintiff alleges that he received notice that he was being charged with "Battery on a Peace Officer w/Unknown Liquid." The latter description appears on

/////

the original RVR under the heading "Specific acts."[5]  (ECF No. 29 at 11.)

In his oppositions, plaintiff elaborates on his argument that the description of the disciplinary charge brought against him in the RVR was inaccurate.  Plaintiff contends that C. Cole, the individual whom he was accused of having thrown an unknown liquid at, is identified in the body of the RVR as a medical technical assistant, rather than as a peace officer.  (SAC (ECF No. 29) at 4, 11; ECF No. 45 at 5, 7; ECF No. 52 at 10.)

The court is unaware of whether Cole was in fact a peace officer at the time the charged incident occurred.  The court notes that defendants, in their Motion to Dismiss, repeatedly identify Cole as having been a "correctional officer," writing, e.g., "On October 11, 2010, Whitaker battered a correctional officer by throwing an unknown liquid on the officer."  (ECF No. 43 at 2.)   The court also notes that, under Federal Rule of Civil Procedure 11, "[b]y presenting to the court a . . . written motion . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . (3) the factual contentions have evidentiary support . . . ." Fed. R. Civ. P. 11(b)(3).  However, rather than attempting to resolve the issue of whether C. Cole was properly described as a peace officer in the RVR (a question of fact which appears inappropriate for resolution on a motion to dismiss), the court will simply address the question of whether, assuming C. Cole was not a peace officer, plaintiff's due process rights were violated by any such error in the notice of disciplinary charges.

Among the procedural due process rights guaranteed to inmates who are facing an "atypical, significant deprivation [of] a liberty interest," Sandin v. Connor, 515 U.S. 472, 487 (1995) is "advance written notice of the claimed violation," Wolff v. McDonnell, 418 U.S. 539, 564 (1974).  Put another way,

---

[5] In addition, the court notes that the report regarding plaintiff's disciplinary hearing reads in pertinent part: "Inmate WHITAKER was found GUILTY of violating CCR § 3005(d), Battery on a Peace Officer." (ECF No. 43 at 7.) Additionally, the Notice of Classification Hearing which issued after plaintiff was found guilty of the charged rules violation provides in pertinent part: "On 3-11-11, inmate WHITAKER (B-81037) was found guilty of BATTERY ON A PEACE OFFICER, a division "B" offense (refer to RVR Log #A/S-11-01—001)." (ECF No. 29 at 10.)

> For placement in administrative segregation, an inmate must "receive some notice of the charges against him," Hewitt v. Helms, 459 U.S. 460, 476, 103 S. Ct. 864, 74 L.Ed.2d 675 (1983) (emphasis added), or "notice of the factual basis leading to consideration" for confinement, Wilkinson v. Austin, 545 U.S. 209, 225–26, 125 S. Ct. 2384, 162 L.Ed.2d 174 (2005).

Saavedra v. Scribner, 482 Fed. Appx. 268, 270 (9th Cir. 2012).[6]

A prisoner's right to due process is violated "only if he [is] not provided with process sufficient to meet the Wolff standard." [7] Walker v. Sumner, 14 F.3d 1415, 1419–20 (9th Cir. 1994), overruled on other grounds by Sandin v. Connor, 515 U.S. 472, 483–84 (1995). The Ninth Circuit has made clear that "the due process clause does not require detailed written notice of charges . . . ." Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986). In considering the specificity of notice necessary to satisfy due process, "courts should remember 'the legitimate institutional needs of assuring the safety of inmates and prisoners' and avoid [imposing] 'burdensome administrative requirements that might be susceptible to manipulation.'" Zimmerlee v. Keeney, 831 F.2d 183, 188 (9th Cir. 1987) (quoting Superintendent v. Hill, 472 U.S. 445, 454–55 (1985)). See also United States v. Beason, Crim. Action No. 1:10CR105, 2011 WL 399896, at *8 (N.D. W. Va. Jan. 21, 2011) ("While Petitioner has due process rights to notice as to general categories of the acts prohibited, he has no due process right to notice as to any specific administrative sanction he might face if his violation gets detected. . . . This is so because, unlike with regard to criminal statutes, no high degree of precision is required of disciplinary regulations, especially as to the sanctions entailed.") (and cases cited therein).

The undersigned concludes that plaintiff has not stated a cognizable due process claim based on the facts alleged in his SAC. Even assuming that plaintiff is correct in arguing that

---

[6] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

[7] The procedural guarantees provided for under Wolff are: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an impartial hearing body; (3) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in the plaintiff's defense; (4) assistance for illiterate inmates or in complex cases; and (5) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. Wolff, 418 U.S. at 563–567.

C. Cole was not a peace officer, it does not appear that a more-accurate description of the charge on the notice – such as "Battery on a non-inmate with physical force insufficient to cause serious injury," or "Battery on a non-inmate w/unknown liquid" – could have, or would have, changed the outcome of plaintiff's prison disciplinary hearing in any way. The issue presented in the March 11, 2011 hearing was whether plaintiff did, or did not, throw liquid at C. Cole. Accordingly, whether C. Cole was incorrectly identified as a peace officer appears immaterial to the determination of plaintiff's guilt and to any defense that plaintiff could have raised. As noted by defendants in their motion to dismiss, the prison regulation cited in the RVR clearly refers to "non-inmates," and makes no distinctions between peace officers and other prison staff in terms of the charged offense or the penalty assessed for violation of the regulation. Moreover, the body of the RVR contains a detailed description of the specifics of the charged incident. Finally, plaintiff does not allege that the reference to C. Cole as a peace officer caused him any confusion before or during his disciplinary hearing. In a prison disciplinary hearing, "the function of notice is to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are, in fact." Wolff, 418 U.S. at 564 (citing In re Gault, 387 U.S. 1, 33–34 & n. 54 (1967)). See also Sira v. Morton, 380 F.3d 57, 72 (2d. Cir. 2004) ("This is not to suggest that the Constitution demands notice that painstakingly details all facts relevant to the date, place, and manner of charged inmate misconduct; but there must be sufficient factual specificity to permit a reasonable person to understand what conduct is at issue so that he may identify relevant evidence and present a defense.")

     Here, any confusion introduced by the notice's use of the phrase "Battery on a Peace Officer" must be balanced against the clarification provided by (i) the description of the incident in the body of the RVR and (ii) the accompanying citation to California Code of Regulations, title 15, § 3005(d)(1). Moreover, the disciplinary hearing report provides, first, that "[plaintiff] acknowledged receipt of the Rules Violation Report on 12-31-10," which would have given him more than two months to clarify any misunderstanding regarding C. Cole's job status, and second, that "[t]he Staff Assistant, Correctional Officer A. Novak . . . indicated that he met with and read all confidential reports to [plaintiff] at least 24 hours prior to the hearing and that [plaintiff] fully

understood the charges brought against him." (ECF No. 43 at 7.) Nowhere in the SAC or in his three oppositions to the pending motion does plaintiff dispute either of these contentions. In sum, plaintiff does not appear to have pled sufficient facts in his SAC to state a cognizable claim that he was provided constitutionally-inadequate notice of the disciplinary charge being brought against him.

Plaintiff also argues, based on the facts set forth in the RVR, that he should have been charged with a rules violation for "[t]hrowing a caustic substance on a non-inmate," rather than for battery. (ECF No. 49 at 2-3.) Plaintiff has filed a SHU Term Assessment Chart with the court, which is in turn reproduced in then-operative California Code of Regulations, title 15, § 3341.5. (ECF No. 52 at 16; see also Cal. Code Regs. tit. 15, § 3341.5(c)(9) (2011).) According to that Chart, the offense of "Throwing a caustic substance on a non-inmate" carries a potential SHU term of between 2 and 4 months, while the offense of "Assault on a non-inmate with physical force insufficient to cause serious injury" carries a potential SHU term of between 6 and 18 months. (Id.) In his oppositions, plaintiff admits that he threw water from his cell. (ECF No. 45 at 7; ECF No. 52 at 13.) But, as defendants point out in their reply, water is not a caustic liquid.[8] (Reply, ECF No. 46 at 2.) Based on a purely textual reading, plaintiff's argument is therefore unavailing. Moreover, no cognizable § 1983 claim is presented if prison officials, given the choice between two potential disciplinary charges, elect to pursue the charge that carries a more severe penalty.

Plaintiff next argues that he was denied the right to appeal his SHU confinement. In his SAC, plaintiff alleges that he "[w]as refused right to appeal action by Appeals Coordinator K. Daley for not responding to 602's of unconstitutional Confinement." (sic) (ECF No. 29 at 5.) Plaintiff reiterates this allegation in one of his oppositions filed to the pending motion to dismiss. (ECF No. 49 at 3.) This allegation, however, is insufficient to provide the basis for a cognizable § 1983 claim. The Ninth Circuit has found that there is no constitutional right to a prison administrative appeal or grievance system in California. See Ramirez v. Galaza, 334 F.3d 850,

---

[8] "Caustic" is defined as "[a]ble to burn, corrode, dissolve, or otherwise eat away by chemical action." The American Heritage Dictionary (Houghton-Mifflin 1978).

11

860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure"); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a [prison] grievance procedure.")[9]

Plaintiff's final argument is that C. Cole was not in fact struck with the water that he (plaintiff) threw from his cell. (ECF No. 45 at 7; ECF No. 52 at 2, 4, 6, 13.) Plaintiff claims that photographs taken at the time of the incident show that C. Cole's shirt and pants were dry. (ECF No. 52 at 4, 6, 13.) Plaintiff failed to raise this allegation in any of the three complaints he has filed in this action. Nevertheless, even if plaintiff had so alleged, it does not appear that such an allegation would have sufficed to state a cognizable claim for a § 1983 violation. The Supreme Court has held that, in order to satisfy procedural due process requirements under the Fourteenth Amendment, the findings made in a prison disciplinary hearing which result in the loss of a protected liberty interest must be supported by "some evidence in the record." Hill, 472 U.S. at 455. The report on plaintiff's disciplinary hearing lists the evidence that defendant Konrad (the Senior Hearing Officer) relied upon to substantiate the charge against plaintiff:

> 1) The written Rules Violation by Medical Technician Assistant (MTA) C. Cole, indicates they were struck by an unknown liquid as they approached cell 118. [Plaintiff] who was housed in cell 119, stated he would do it again if MTA Cole did not get away from his door.
>
> 2) [Plaintiff's] statement and admission of guilt at the time of the disciplinary hearing.
>
> 3) Witness Statement per the 837 Crime incident Report log #SVSP-FD5-10-10-0705 by Licensed Vocational Nurse Z. Bhana indicates both she and MTA Cole were struck with an unknown liquid by [plaintiff].

---

[9] If plaintiff had pled an underlying violation giving rise to a § 1983 claim, and defendants had sought to terminate the civil action on the grounds that plaintiff failed to exhaust his administrative remedies prior to filing suit, plaintiff would have been free to argue that prison officials had rendered administrative remedies effectively unavailable to him. See McBride v. Lopez, __ F.3d __, __, 2015 WL 3953483, at *2 (9th Cir. Jun. 30, 2015) ("[T]he [Prison Litigation Reform Act] requires only that a prisoner exhaust available remedies, and . . . a failure to exhaust a remedy that is effectively unavailable does not bar a claim from being heard in federal court."). However, plaintiff cannot raise a stand-alone § 1983 claim based on defendants' alleged failure to process his inmate grievances including an appeal from a disciplinary conviction.

1  (ECF No. 43 at 7.) While the report does provide that "[Defendant Konrad] reviewed (15) photographs," this comment is made as a "Special Notation," and no photographs are reflected in the list of evidence relied upon by Konrad in making his finding of guilt. (Id.) Accordingly, even if plaintiff had pled the absence of photographic evidence of the alleged disciplinary offense in his complaint, it does not appear that such an allegation would suffice to state a cognizable due process claim under the Fourteenth Amendment.

For the reasons set forth above, the undersigned will recommend that defendants' motion to dismiss plaintiff's Second Amended Complaint for failure to state a cognizable claim be granted.

### C. Leave to File a Third Amended Complaint

The undersigned has carefully considered the appropriateness of granting plaintiff leave to file a Third Amended Complaint.

"Leave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to pro se plaintiffs." Ramirez, 334 F.3d at 861 (quoting Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (internal citation omitted)). "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

Plaintiff has, to date, filed three complaints in this action. He has also filed three oppositions to the pending motion to dismiss, which in turn raise a number of allegations not previously pled in his complaints. These new allegations (such as the lack of photographic evidence of plaintiff's alleged disciplinary offense) have been addressed above by the court in its analysis of defendants' motion to dismiss. Even construed in the light most favorable to plaintiff, it does not appear that these new allegations provide a sufficient basis for a cognizable claim under § 1983. In this case plaintiff has already been given ample opportunity to plead facts which might give rise to a claim. He has failed to do so. Therefore, it now appears clear that "the deficiencies of the complaint could not be cured by amendment," Weilburg, 488 F.3d at 1205, and that further leave to amend should be denied.

V. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (ECF No. 51) is denied.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motions for summary judgment (ECF Nos. 45, 49, 52) be denied.

2. Defendants' motion to dismiss (ECF No. 43) be granted, and plaintiff's Second Amended Complaint be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 30, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:10
whit0501.mtd.SAC